IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**FT. LAUDERDALE DIVISION**

CASE NO.:

ROBERTHA PALMER,

     Plaintiff,

vs.

WAL-MART STORES EAST, LP,
a Foreign Corporation,

     Defendant.

_____/

## WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, LP, ("Wal-Mart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 17th Judicial Circuit Court in and for Broward County, Florida, Case No. CACE-20-009815, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I. BACKGROUND

1.    On or about June 15, 2020, Plaintiff commenced this action by filing a Complaint against Wal-Mart Inc. in the 17th Judicial Circuit Court in and for Broward County, Florida. *See* Pl.'s Compl., attached as **Ex. "A."**

2.    The Complaint was served on June 23, 2020. *See* Service of Process attached as **Ex. "B."**

3.    On or about July 13, 2020, Plaintiff filed an Amended Complaint to correct the named Defendant, in the 17th Judicial Circuit Court in and for Broward County, Florida. *See* Pl.'s Compl., attached as **Ex. "C."**

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

4.      The Amended Complaint was served on July 13, 2020. *See* Notice of Filing with Certificate of Service attached as **Ex. "D."**

5.      Plaintiff alleges a claim for negligence against Wal-Mart as a result of an injury about her body and extremities that she allegedly sustained when she slipped and fell on January 3, 2020 while at the Wal-Mart store located at 301 South State Road 7, Hollywood, FL 33023. *See* Ex. "C" at ¶ ¶ 3,4, 7, 9,10.

6.      Specifically, the Plaintiff alleges that she slipped and fell on a foreign substance on the floor while walking near the entrance of the store, by Customer Service area. *Id.* at ¶ 4.

7.      Plaintiff alleges Wal-Mart was negligent in creating a dangerous and defective condition by improperly allowing a foreign substance to remain on the floor; having knowledge of or in exercising reasonable care should have had knowledge of a dangerous or defective condition; allowing a condition to exist for a length of time that a reasonable inspection would have disclosed the dangerous condition; failing to take adequate precautionary and/or preventive measures to protect individuals from reasonable foreseeable danger; and failing to adequately and properly inspect and maintain the floor, and warn of the dangerous condition on the floor. *Id.* at ¶ 6.

8.      The Plaintiff alleges that she is a resident and citizen of Leon County, Florida. *Id.* at ¶ 2.

9.      To date, Plaintiff has not submitted a demand letter setting forth damages for Plaintiff's alleged injuries associated with the incident set forth in the complaint.

10.     On or about September 2, 2020, the Plaintiff served Verified Answers to Interrogatories propounded by the Defendant, which indicated ***Plaintiff has incurred medical bills, which total $108,471.25.*** *See* Redacted Answers to Interrogatories attached as **Ex. "E."**

11.     This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

12.     Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 17th Judicial Circuit in and for Broward County together with a docket sheet from the Clerk of the Court. *See* attached as Composite **Ex. "F."**

13.     Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

14.     In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's Verified Answers to Interrogatories. Plaintiff's Verified Answers to Interrogatories is the initial document setting forth the claim for relief against the Defendant upon which Plaintiff's action is based. The thirty (30) day period commenced on September 2, 2020, when Plaintiff served her Verified Answers to Interrogatories. *See* Ex. "E."

15.     Venue exists in the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, because the 17th Judicial District in and for Broward County, where Plaintiff filed her state court Complaint is located in Broward County Florida, which is located within the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

16.     Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

### A.     Citizenship of Robertha Palmer

17.     Plaintiff is a resident and citizen of Leon County, Florida. *See* Ex. "C." at ¶ 2. "It is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

### B.  Citizenship of WAL-MART STORES EAST, LP

18.     At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership, which currently is, and was at the time of the Complaint, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP;

WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart

Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas. *See* Florida

Department of State, Division of Corporations, Detail by Entity Name for Wal-Mart Stores East,

LP, attached as **Composite Ex. "G."**

## IV. AMOUNT IN CONTROVERSY

19.    The amount in controversy exceeds $75,000.00.

20.    Although Plaintiff's Complaint does not specify an amount in controversy other

than the state court $30,000.00 jurisdictional minimum, it is clear from Plaintiff's Verified

Answers to Interrogatories that her claimed damages exceed the jurisdictional minimum in this

Court of $75,000.00. [See Ex. "E."]

21.    Where, as here, a plaintiff makes "an unspecified demand for damages in state

court, a removing defendant must prove by a preponderance of the evidence that the amount in

controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS*

*Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by*

*Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

22.    "In the Eleventh Circuit, a district court may consider the complaint and any later

received paper from the plaintiff as well as the notice of removal and accompanying documents

when deciding upon a motion to remand." *Katz*, 2009 WL 1532129, at *4 (S.D. Fla. June 1,

2009) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1214 (11th Cir. 2007)).

"Additionally, a district court may consider evidence outside of the removal petition if the facts

therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

(11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)).

23.     The well-established rule adopted by the Eleventh Circuit states that a removing party can offer its own affidavits, declarations, or other documentation to establish federal removal jurisdiction and there is no limitation on the type of evidence that a defendant could offer once it timely files a notice of removal. *See Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 759 (11th Cir. 2010) (discussing Eleventh Circuit law that states that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal) (emphasis added); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

24.     The relevant portions of Plaintiff's itemized and specifically detailed Verified Answers to Interrogatories conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Specifically, the ***Plaintiff's past medical bills alone total $108,471.25***. *See* Ex. "E." In addition to Plaintiff's past medical bills incurred, the Plaintiff's Amended Complaint alleges damages for past present and future physical and mental pain and suffering, humiliation, scarring, disability, discomfort, disfigurement, and the inability to lead a normal life. *See* Ex. "C." at ¶ 7.

25.     These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

26.     Eleventh Circuit precedent permits district courts to use their judicial experience and common sense in determining whether the case stated in a complaint an amount in controversy that meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.*, 613 F.3d

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

1058, 1062 (11th Cir. 2010) (quoting *Pretka,* 608 F.3d at 754). Furthermore, a removing defendant, is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka,* 608 F.3d at 754. Thus, all that is required is that Wal-Mart show, by a preponderance of the evidence, that the amount in controversy in the instant case exceeds $75,000.00. *Id.* at 752.

27.     Additionally, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand. *See Katz,* 2009 WL 1532129 at *4 (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). Also, "a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)).

28.     Similarly, the Eleventh Circuit Court has held that *responses to discovery,* deposition transcripts, and other documents can constitute and be considered the *"other paper"* pursuant to, and required by, 28 U.S.C. § 1446(b)(3). *See Wilson v. General Motors Corp.,* 888 F.2d 779, 780 (11th Cir. 1989) (discussing that plaintiff's response to defendant's requests for admissions was the "paper from which it [was] first ascertained that the case [was] one which is or has become removable" pursuant to 28 U.S.C. § 1446(b)(3)); *Lowery v. Alabama Power Co.,* 483 F.3d 1213, n. 61 (noting that a number of documents have been judicially recognized as such, including interrogatory responses).

29.     Applying this principle, the Southern District of Florida has numerous cases wherein removal was has been based on the plaintiff's admission that the amount in controversy exceeded $75,000.00. *See Johnson v. Leevers Supermarket, Inc.,* 2019 U.S. Dist. LEXIS 126640

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

(S.D.Fla.2019); *Stern v. First Liberty Ins. Corp.*, 2020 U.S. Dist. LEXIS 13926 (S.D.Fla.2020); *Soper v. Am. Traffic Solutions.*, 2011 U.S. Dist. LEXIS 169452 (S.D.Fla.2011); *Mgmt. Health Sys. v. Access Therapies, Inc.*, 2011 U.S. Dist. LEXIS 139523 (S.D. Fla. 2010).

30.     In *Johnson*, the defendant relied on the plaintiff's verified answers to interrogatories to establish the basis for removal. *Johnson*, 2019 U.S. Dist. LEXIS 126640. The Court in this case found that when it is not facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement, plaintiff's answers to interrogatories given under oath and stating that medical expenses exceed $75,000.00 establishes the amount in controversy requirement.   The *Johnson* court relied on the well-established concept that 28 U.S.C. § 1446(b) allows for the consideration of "other paper," including discovery responses, to determine whether removal is proper. *Id at *4*.

31.     Accordingly, this Court may look to Plaintiff's discovery responses , and particularly, Plaintiff's Answers to Interrogatories when determining that the amount in controversy exceeds $75,000.00 for purposes of removal based on diversity jurisdiction.

32.     In this case, Plaintiff's Answers to Wal-Mart's Interrogatories and the allegations of the Amended Complaint conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional threshold. *See* Ex. "C" at ¶ 1; and see Ex. "E" at No. 21.

33.     Similar to *Johnson*, Plaintiff's verified answers to interrogatories indicates that damages sought in this case are in excess of $75,000.00. *See* Ex. "E" at No. 21. The Court has the authority to rely on Plaintiff's Verified Answers to Interrogatories as proof that the jurisdictional limit has been met.

34.     Based on the foregoing, Wal-Mart has established that Plaintiff's claimed damages in this case exceed $75,000.00 by Plaintiff's own Answers to discovery requests

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

regarding damages related to the alleged incident set forth in Plaintiff's Amended Complaint. Additionally, Plaintiff's Amended Complaint, [*See* Ex. "C" at ¶7], claims medical expenses and past and future pain and suffering of an unknown quantity. *See Mgmt. Health Sys. v. Access Therapies, Inc.,* 2011 U.S. Dist. LEXIS 139523 (S.D. Fla. 2010). As such, removal is proper.

## CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP, ("Wal-Mart"), respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. CACE-20-009815, on the docket of the Court for the 17th Judicial Circuit in and for Broward County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

Date: September 15, 2020

[SIGNATURE ON THE NEXT PAGE]

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*/s/ Sharhonda Robinson-Edwards*
Jerry D. Hamilton, Esq.
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
William H. Edwards, Esq.
Florida Bar No. 43766
wedwards@hamiltonmillerlaw.com
Sharhonda Robinson-Edwards, Esq.
Florida Bar No. 98755
srobinson@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Attorneys for Defendant, Wal-Mart Stores East, LP*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 15, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ Sharhonda Robinson-Edwards
Sharhonda Robinson-Edwards

## SERVICE LIST

Jonathan R. Friedland, Esq.
Friedland Carmona
1430 South Dixie Highway, Suite 305
Coral Gables, Florida 33146
email@friedlandcarmona.com
*Attorney for Plaintiff*